IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| FLOR LOVIANO, | 1:09-cr-00272-AWI |
| | 1:12-cv-01523-AWI |
| Petitioner, | |
| v. | **ORDER FOR A RESPONSE FROM THE GOVERNMENT ON PETITIONER'S REQUEST FOR RELIEF UNDER 28 U.S.C. § 2255** |
| THE UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION

Petitioner Flor Loviano ("Petitioner") is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. Based on the conflicting evidence submitted by Petitioner and defense counsel, Michael Berdinella, this Court will order the Government to respond as described below.

## II. FACTS AND PROCEDURAL BACKGROUND

Petitioner was charged with conspiracy to import heroin into the United States and aiding and abetting, conspiracy to smuggle bulk cash outside of the United States and aiding and abetting, distribution of heroin within 1,000 feet of a school, and conspiracy to distribute heroin and aiding and abetting. These charges arise from events taking place on or about February 29, 2008 until March 20, 2009.

> Between these two dates, the defendant and other individuals were involved in an agreement to distribute heroin supplied to them by Fabio Cazares. The

> defendant, knowing of this agreement and intending to help bring it about assisted in regularly receiving shipments of heroin during this time period and in communicating orders of heroin to either Cazares or Hugo Toscano. The defendant also assisted in distributing the heroin to other individuals. The defendant agrees that the amount of heroin involved in her offense or reasonably foreseeable to her is approximately 1.7 kilograms of heroin.

(Doc. 188 6:9-13).

On March 22, 2011, Petitioner and the Government entered a plea agreement in which the Petitioner plead guilty to count four, conspiracy to distribute heroin and aiding and abetting. (Doc. 188 2:11). On September 12, 2011, Petitioner was sentenced to 93 months in prison followed by 60 months of supervised release.

On September 14, 2012, Petitioner filed a motion pursuant to 28 U.S.C. § 2255, alleging four grounds of ineffective assistance of counsel. (Doc. 293). This Court denied all of Petitioner's claims except for failure of defense counsel to file a "Notice of Appeal" after sentencing. (Doc. 313). The Court required defense counsel to file a declaration stating his recollection of any conversation he had with Petitioner concerning Petitioner's right to file an appeal. (Doc. 313). Defense counsel filed the required declaration, indicating that he had discussed with Ms. Loviano her right to appeal. (Doc. 323). Defense counsel indicated that Petitioner did not ever request that he file a notice of appeal on her behalf. (Doc. 323).

### III.    DISCUSSION AND ORDER

In light of the allegation made by Petitioner and Berdinella's responding declaration, it is appropriate for the government to file a response.

Under Sandoval-Lopez, where a defendant timely notifies his attorney that the defendant wishes to file an appeal, even where the right to appeal has been waived by the defendant in a negotiated plea agreement, the court must presume prejudicial ineffective assistance of counsel if the notice of appeal is not filed. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197-98 (9th Cir. 2005). In such a case, the court must grant the writ, and vacate and reenter judgment allowing the defendant to file a notice of appeal. *Id.* at 1198. Where there is a contested issue of fact as to whether there was a clear instruction by the defendant to his

attorney to file a notice of appeal, the court is obliged to hold an evidentiary hearing to determine whether the instruction was, in fact, given. *Id.*

> Alternatively, the government may choose not to oppose [the defendant's] petition and to let him appeal. The government might choose this alternative to free itself from the restraint of the plea bargain, or because getting the appeal dismissed would be less work than an evidentiary hearing.
>
> If a defendant, even one who has expressly waived his right to appeal, files a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen. The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed. Or, if the [government] does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true. The case at bar is a particularly plain instance of where "ineffective assistance of counsel" is a term of art that does not mean incompetence of counsel. It may be very foolish to risk losing a [favorable] plea bargain in an appeal almost sure to go nowhere, in a major [drug] case. Nevertheless the client has the constitutional right, under [Roe v. Flores-Ortega, 528 U.S. 470 (2000)] and [Puguero v. United States, 526 U.S. 23 (1999)], to bet on the possibility of winning the appeal and then winning a acquittal [or a more favorable sentence], just as a poker player has a right to hold the ten and queen of hearts, discard three aces, and pray that when he draws three cards, he gets a royal flush.

*Id.*

Accordingly, IT IS HEREBY ORDERED that the government shall file a response to the claim made by Petitioner and the responding declaration of Michael W. Berdinella within thirty (30) days of service of this order.

IT IS SO ORDERED.

Dated: May 7, 2014

_____
SENIOR DISTRICT JUDGE