# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOR LOVIANO, | 1:09-cr-00272-AWI |
| Petitioner, | 1:12-cv-01523-AWI |
| v. | **ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS PETITIONER'S MOTION TO VACATE** |
| THE UNITED STATES OF AMERICA, | |
| Respondent. | |

The Government filed a response to this Court' May 7, 2014 order. In that response the Government sought to have Petitioner's motion dismissed on the ground that Petitioner waived her right to collaterally attack her conviction, sentence, or the manner in which it was determined. Doc. 326 at 1. For the following reasons, the Government's motion to dismiss will be granted.

The Government is correct that a voluntary waiver of the right to file a motion pursuant to Title 28, United States Code, Section 2255 is generally enforced. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) *United States v. Abarca*, 985 F.2d 1012 (9th Cir. 1992), *cert denied,* 508 U.S. 979 (1993). However, the Ninth Circuit has ruled that "a plea agreement that waives the right to file a federal habeas petition … is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver." *Washington v. Lampert,* 422 F.3d 864, 871 (9th Cir.2005), *cert. denied,* 547 U.S. 1074 (2006). Here, Petitioner has made no claim in her Section

1

2255 motion that the waiver of his right to collaterally attack her conviction and sentence was not knowing and voluntary.

Within this Circuit there is a split of authority as to whether or not waiver of collateral attack is valid as to an ineffective assistance claim for refusal to file a notice of appeal. When faced with identical claims two decisions in the Eastern District of California have reasoned as follows:

> Petitioner's claim that his attorney did not file a notice of appeal after being requested to do so can only be raised in a Section 2255 motion. Although *Sandoval-Lopez,* 409 F.3d 1193 (9th Cir. 2005), did not specifically involve a waiver of the right to appeal and a waiver of the right to collaterally attack petitioner's conviction and sentence, the Ninth Circuit's holding, when conjoined with the Supreme Court's statement in *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000), strongly implies that this claim of ineffective assistance of counsel may proceed to the merits, notwithstanding waiver issues.

*Sanchez v. United States*, 2008 WL 2622866, *1 (E.D. Cal. 2008); *Torres v. United States*, 2008 WL 2622867, *1 (E.D. Cal. 2008)(same language).

Alternatively, multiple courts in this Circuit have enforced collateral attack waivers in the face of claims of ineffective assistance of counsel for refusal to file a notice of appeal. *Contreras-Sanchez v. United States*, 2014 WL 202617 (S.D. Cal. 2014); *United States v. DominguezBarajas,* 2013 WL 4026895, at *3 (D.Ariz. 2013); *United States v. Gomez–Cazares,* 2013 WL 394208, at *3 (D.Ariz. 2013); *Lewis v. United States,* 2009 WL 4694042, at *4–5 (D.Ariz. 2009). Those decisions have relied on the importance of enforcing knowing and voluntary waivers of collateral attack irrespective of the merits of the claims. The district court explained in *Lewis v. United States*:

> What is at issue here is not the validity of Movant's claim that counsel was ineffective for failing to file an appeal. Rather, what is at issue here is the enforceability of Movant's waiver of his right to assert such a claim in a collateral attack. Nothing in *Flores–Ortega* or *Sandoval–Lopez* would render Movant's waiver unenforceable.

2009 WL 4694042, at *5.

This Court is reluctant to read *Sandoval-Lopez* to permit a district court to refuse to enforce an admittedly voluntary waiver of collateral review based on a finding that an issue may be meritorious if it were not waived. The Ninth Circuit has recognized that courts should enforce a waiver of the right to collaterally review of a conviction if "(1) the language of the waiver encompasses the defendant's right to [dispute] the grounds claimed…, and (2) the waiver is knowingly and voluntarily made." *United States v. Ligon*, 461 F. App'x 582, 583 (9th Cir. 2011) (quoting *United States v. Nunez,* 223 F.3d 956, 958 (9th Cir.2000)). The § 2255 motion filed here is unquestionably a form of collateral relief encompassed by the plea agreement. In fact, it is specifically listed in the agreement. The court advised Petitioner of her right to review and that her plea would waive that right as follows:

> The Court: Under our law each of you has the right to review in a higher court anything that occurs in this Court, and a further right after you're convicted to file another case in this Court or another Court challenging your prosecution, plea, conviction and sentence. Each of you is giving up all rights of review and you are agreeing that you will not take any kind of appeal, application, or petition for a habeas corpus, or any other review… And do you understand you're giving up all rights of review, Ms. Loviano?
>
> [Petitioner]: Yes.
>
> The Court: And do you agree?
>
> [Petitioner]: Yes.
>
> The Court: Each of you further agrees that if you do ever breach the agreement by appealing or filing a petition for a habeas corpus, or otherwise seeking review, then the plea agreement will be breached, the government will be free to reinstate the charge to which you plead guilty, to have a trial, to add new charges that would otherwise be barred by the agreement and each of you agrees not to object, not to assert defenses such as former jeopardy, such as the passage of time, statute of limitations, Speedy Trial Act, speedy trial clause of the Sixth Amendment….
>
> The Court: Do you understand all the consequences of a breach, Ms. Loviano?
>
> [Petitioner]: Yes.
>
> The Court: And do you agree?
>
> [Petitioner]: Yes.

Doc. 215 at 12-14. As is evidenced by the plea colloquy and plea agreement, Petitioner was made aware and voluntarily waived her right to collateral review. The scope of the waiver encompasses her claims. Accordingly, Petitioner's claim is barred by the collateral attack waiver.

THEREFORE, the Government's motion to dismiss Petitioner's motion to vacate is GRANTED.

IT IS SO ORDERED.

Dated: __July 2, 2014__                    _____
                                           SENIOR DISTRICT JUDGE